### MACK v. WANAMAKER (two cases).

(Supreme Court, Appellate Division, Second Department. January 10, 1913.)

Appeal from Trial Term, Kings County.

Actions by Margaret Mack and by J. Stewart Mack against John Wanamaker. From a judgment for plaintiff in each case, and from orders denying defendant's motions for a new trial, he appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Frank V. Johnson, of New York City (Herrick C. Allen, of New York City, on the brief), for appellant.

Robert H. Roy, of New York City, for respondents.

BURR, J. The main question in the above-entitled actions is the same that has been considered by this court in the case of Rumetsch v. Wanamaker, 139 N. Y. Supp. 385, decided herewith. In these cases, as in that, plaintiff sought to establish defendant's negligence, based not only upon faults of original construction in the straps supporting the elevator, but defects in the mechanism arising from the use thereof, which careful inspection should have disclosed. These alleged defects related to the condition of the safety appliances and of the straps themselves. With regard to the latter, plaintiff contended that the appearance of the straps subsequent to the break indicated the previous existence of a very slight crack at the point of

fracture. By consent of plaintiff the failure of the safety devices to work, as a ground of liability, was withdrawn from the consideration of the jury. If there was any competent evidence of a previously existing crack in the straps or either of them, it is of so vague a character, and was so completely overcome by the testimony on the part of the defendant, that a verdict based upon an affirmative finding thereon cannot be permitted to stand.

The conclusion which we have reached upon the main question renders it unnecessary to consider the exception to the admission of opinion evidence, to the effect that the construction of the strap in question was unsafe, or to the refusal of the court to charge as requested by defendant's counsel with respect to the extent to which defendant could rely upon the superior knowledge and skill of the elevator constructors without being chargeable with negligence for so doing.

Judgments and orders reversed and new trial granted, costs to abide the event.

JENKS, P. J., and THOMAS, and CARR, JJ., concur. HIRSCHBERG, J., dissents.