JOHN WANAMAKER, NEW YORK, INC., and GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., OF PERTH, SCOTLAND, Respondents, *v.* OTIS ELEVATOR COMPANY, Appellant. (Action No. 2.)

Second Department, March 7, 1919.

See head note in *Wanamaker, N. Y., Inc.,* v. *Otis Elevator Co., No. 1 (ante,* p. 655).

APPEAL by the defendant, Otis Elevator Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 9th day of July, 1918, upon the decision of the court after a trial before the court, a jury having been waived.

*Morgan M. Mann,* for the appellant.

*Frank Verner Johnson,* for the respondents.

KELLY, J.:

The same questions are presented here as in action No. 1 between the same parties, decided herewith (186 App. Div. 655). In this action, No. 2, the plaintiffs, respondents, sued to recover damages by reason of payments which they made in settlement of judgments recovered by Rachel R. Dutcher, Margaret Mack and J. Stewart

Mack, her husband, the latter action being for loss of services. The two women, Dutcher and Mack, were passengers in the elevator which fell on April 27, 1909, and were injured at the same time as Mrs. Rumetsch, whose recovery was the subject of action No. 1. The two ladies, Dutcher and Mack, and the husband of the latter recovered judgments against Wanamaker aggregating $32,750. The defendant Otis Company was invited to come in and defend, but took no part in the defense. Upon appeal to this court the judgments were reversed and a new trial granted. (*Mack* v. *Wanamaker,* 154 App. Div. 944; *Dutcher* v. *Wanamaker,* Id. 952.) Thereafter upon the decision of the Court of Appeals in *Rumetsch* v. *Wanamaker, New York, Inc.* (216 N. Y. 379) a reargument was ordered in this court and the judgments were affirmed. (174 App. Div. 877; 173 id. 905.) There was paid to Mrs. Dutcher, $12,569.68; to Mrs. Mack, $25,243.33, and to Mr. Mack, $3,803. The plaintiff assurance corporation (under the same policy of indemnity referred to in action No. 1) contributed to the Dutcher recovery to the extent of $6,632.18 and necessarily incurred counsel fees and expenses in the Dutcher case amounting to $1,776.21. In the Mack cases the assurance corporation claims $2,314.22 expended for necessary counsel fees, etc.

A similar stipulation and similar findings of fact and conclusions of law are found in this action No. 2, as in action No. 1. The Otis Company stipulates that it was established upon the trial of the Dutcher case that the fall of the elevator was due to the breaking of the straps " because they were wrongfully designed, constructed and installed and therefore insufficient and inadequate in strength to perform the work imposed upon them in the ordinary operation of the elevator in question," and " that the said iron straps were thereafter never changed, altered or in any way interfered with prior to their breaking." And as to the counsel fees and expenses claimed by the assurance corporation, the same language is found in the stipulation that they were " necessarily incurred in the defense of said action." Similar stipulation was made as to the Mack case. The findings of the trial judge follow the language of the stipulation. There is no exception to these findings.

The learned trial judge directed judgment for Wanamaker for $34,988.83, with interest, and for the assurance corporation for $10,722.41, with interest, besides costs, amounting to $52,275.93.

For the reasons stated in the opinion in action No. 1 this judgment must be affirmed. Under the stipulation of the parties and the findings of fact and conclusions of law made in pursuance of such stipulation the defendant cannot be heard to argue that Wanamaker was *in pari delicto* with the defendant in the negligence causing the fall of the elevator. The parties have stipulated that the cause of the accident was the defective installation of the appliances by the defendant, and the trial justice has so found. There is nothing before this court on which we can make a contrary finding. The objections to the recovery of counsel fees and expenses are also discussed in the opinion in action No. 1, and decided adversely to defendant.

The judgment must be affirmed, with costs.

Present — JENKS, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ.

Judgment unanimously affirmed, with costs.